United States District Court
Southern District of Texas
**ENTERED**
September 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID MAURICE JACKSON, a/k/a DAVID JACKSON, SPN #02233617, § § § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. H-22-3100 | |
| § | | |
| HARRIS COUNTY JAILERS, *et al.*, § § | | |
| *Defendants*. § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed a lawsuit under 42 U.S.C. § 1983 against unnamed Harris County jail employees and the "Harris County Police Department." He names fellow detainee Javious Kearney as a co-plaintiff.

Having screened plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff is in Harris County pretrial detention awaiting trial on two charges for assault of a family member. He complains that Harris County Jail employees are stealing or returning all of the mail he sends out under the name "Javious Kearney." He further complains that he and Kearney are being "disrespected" and called "snitches." Public online records for the Harris County Sheriff's Office show that Javious D. Kearney, SPN #

02333561, is a Harris County pretrial detainee awaiting trial on felony charges for indecency with a child by exposure. Plaintiff seeks $20 million in monetary damages.

## II. ANALYSIS

A. <u>Javious Kearney</u>

Plaintiff purports to name as a co-plaintiff Harris County pretrial detainee Javious Kearney. Kearney did not sign the complaint. Plaintiff is not a licensed attorney, and he may not represent the legal interests of another detainee. Javious Kearney is **DISMISSED WITHOUT PREJUDICE** as a party to this lawsuit.

B. <u>David Jackson</u>

Plaintiff complains that unnamed individuals at the Harris County Jail are interfering with his constitutional right to send mail. He states that the individuals are stealing mail he sends out under the name of Javious Kearney, and are either throwing it away or returning it unmailed. Plaintiff seeks $20 million in damages for this alleged violation of his constitutional rights.

A prisoner enjoys certain constitutional rights regarding sending and receiving mail in his name. *Thornburgh v. Abbott*, 490 U.S. 401 (1989). However, the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have not held that a prisoner has a protected liberty interest in sending mail out under another inmate's name. Consequently, plaintiff's allegations raise no viable claim upon which relief can be granted

2

under section 1983. Plaintiff's claim is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a viable claim for relief under section 1983.

Plaintiff further claims that he and Javious Kearney are being "disrespected" by unnamed individuals who are calling them snitches. Plaintiff is not a licensed attorney and he may not raise this claim on behalf of Javious Kearney. The claim is **DISMISSED WITHOUT PREJUDICE**.

To the extent plaintiff complains that the unnamed defendants are calling plaintiff a snitch, no issue of a constitutional dimension is raised. Complaints of verbal abuse or insults do not constitute cognizable claims under section 1983. *See Robertson v. Plano City*, 70 F.3d 21, 24–25 (5th Cir. 1995) (collecting cases). Plaintiff's claim is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a viable claim for relief under section 1983.

### III. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Javious Kearney is **DISMISSED WITHOUT PREJUDICE** as a party to this lawsuit.

2. Plaintiff's claim regarding the return or theft of mail he sends out under the name of Javious Kearney at the Harris County Jail is **DISMISSED WITH PREJUDICE**.

3. The claim that Javious Kearney is being called a snitch or is otherwise being verbally abused or insulted at the Harris County Jail is **DISMISSED WITHOUT PREJUDICE**, as Kearney is not a party to this lawsuit.

4. Plaintiff's claim that he is being called a snitch or is otherwise being verbally abused or insulted at the Harris County Jail is **DISMISSED WITH PREJUDICE**.

5. Any and all pending motions are **DISMISSED AS MOOT**.

6. This case is **ORDERED DISMISSED**.

7. This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g). Plaintiff has received at least one prior strike. *See Jackson v. Ellis Unit*, C.A. No. H-22-0200 (S.D. Tex. Feb. 2, 2022) (dismissing as a strike plaintiff's complaints of being harassed and called a snitch at the Ellis Unit). Plaintiff is warned that if he receives a third strike, he will be barred from proceeding *in forma pauperis* in federal district or appellate court unless he demonstrates he is under imminent danger of serious physical injury at the time of filing. 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 21st day of September, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE